BLD-242                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2770
_____

In re: SHAHIYDULLAH A. BIN RAYMOND

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 07-00032)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 9, 2010

Before: RENDELL, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2010)
_____

OPINION
_____

PER CURIAM

Shahiydullah Bin Raymond is awaiting trial in the United States District Court for

the Western District of Pennsylvania on the sole charge of being a felon in possession of a

firearm.[1] Since being granted leave to proceed with his criminal case pro se, Bin

Raymond has filed over fifty pretrial motions in the District Court. He filed the instant

_____

[1] As of now, trial is scheduled to commence on September 27, 2010.

1

mandamus petition on June 11, 2010, seeking an order that the District Court be compelled to act upon three of those pretrial motions: a motion to suppress evidence, a motion in limine, and a "motion to transfer trial."

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). While mandamus may be warranted where a district court's delay is tantamount to a failure to exercise its jurisdiction, see Madden, 102 F.3d at 79, this case does not present such a situation.

We first note that the District Court ruled on Bin Raymond's motion to suppress on June 25, 2010. As a result, Bin Raymond's mandamus petition is moot insofar as it concerns the motion to suppress. Bin Raymond's motion in limine, however, was filed on November 16, 2009, and remains pending. Bin Raymond's motion to transfer trial was filed on June 11, 2010, the same day he filed this mandamus petition, and it also remains pending. Nevertheless, we do not find any aspect of the District Court's case management to constitute a failure to exercise its jurisdiction. The District Court has handled the steady stream of motions and applications in a laudable fashion. Indeed, we

are confident that the District Court will address Bin Raymond's pending motions appropriately in due course.

Accordingly, we will deny Bin Raymond's mandamus petition.